UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────X

WILLIAM HENRY HARRISON,

                Plaintiff,

  -against-


| | |
|---|---|
| LUTHERAN MEDICAL CENTER; Brooklyn, NY; GARRICK VOLPIN, Doctor, Psychiatrist; D. BRIZER, Doctor, Psychiatrist; F. DRON, Doctor, Psychiatrist; Doctor GLOVER, B.O.P. Doctor; JOAN MELL; Ms. FALSETTO; VERONICA GUILLERMO; Ms. FURMAN; Ms. LORRAINE M. (Can't Make Out Last Name); Ms. LAUREN MACKIR, Lutheran Administrator; 10 UNKNOWN SECURITY GUARDS; UNKNOWN SECURITY COMPANY; NEW YORK CITY HEALTH AND HOSPITALS CORP.; DIRECTOR, New York City Health and Hospitals Corp.; DIRECTOR/ ADMINISTRATOR of Lutheran Medical Center; CHIEF EXECUTIVE OFFICER of Unknown Security Company; UNITED STATES; FEDERAL BUREAU OF PRISONS; AITO/ARTO BUTEURN, | **MEMORANDUM AND ORDER** 05-CV-2059 (CBA) |

                Defendants.
──────────────────────────────────X

AMON, United States District Judge:

      Plaintiff, appearing *pro se,* currently incarcerated at Petersburg Federal Correctional Complex in Petersburg, Virginia, brings this action under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), 42 U.S.C. § 1983, and the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80. He alleges physical and mental abuse while he was held at the Lutheran Medical Center in Brooklyn, New York from February 16, 1999 to March 4, 1999. Plaintiff seeks damages. The Court grants plaintiff's request to proceed *in*

*forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order, and directs plaintiff to show cause within thirty days why the complaint should not be dismissed.

**Background**

Plaintiff, a Vietnam War veteran, allegedly experienced a "flashback and psychotic episode" during his arraignment proceeding before the United States District Court for the Eastern District of Texas on January 7, 1999. Compl., ¶25. The presiding Magistrate Judge ordered plaintiff to undergo a psychological evaluation to determine his competency to stand trial. Id., ¶ 26. Plaintiff was transported to the Metropolitan Correctional Center in New York City. Id., ¶ 27. On or about February 10, 1999, plaintiff was transferred to Lutheran Hospital in Brooklyn, New York, where he alleges he was "assaulted physically, injured" and administered anti-psychotic medications without his knowledge or consent. Id., ¶¶ 27-29. Plaintiff alleges the details of these incidents in paragraphs thirty to seventy-one of the complaint. Plaintiff was transferred from Lutheran Medical Center on March 4, 1999.[1]

---

[1] The Court notes that after his examination at Lutheran Medical Center between February 10 and March 4, 1999, "Harrison underwent multiple evaluations in an effort to establish his competency to stand trial. He was finally adjudicated competent on April 16, 2002, and was tried on June 3, 2002." U.S. v. Harrison, No. 01 Civ. 40160, 2004 WL 2137352, at * 1 (5th Cir. 2004), cert.granted, judgment vacated, No. 04 Civ. 10259, 2005 WL 1223420, at *1 (U.S. June 27, 2005). The Court relies on the information gathered by a sister court to explain what happened to plaintiff in the intervening months. Harrison v. Lappin, No. 04 Civ. 681, 2005 WL 752189, *1 (D.D.C. March 31, 2005). In the time between his examination at Lutheran General and his trial, plaintiff was examined in May 1999 at the Federal Medical Center in Butner, North Carolina, determined to be competent to stand trial, and transferred back to Texas where he was examined by another psychologist in September 1999. Based on that report, it was determined that plaintiff was not competent to stand trial. Thereafter, plaintiff was evaluated at FMC Butner in January 2000, and, in May 2001, it was again determined that plaintiff was not competent to stand trial. Plaintiff was then transferred to the Federal Medical Center in Rochester, Minnesota and subsequently was found competent to stand trial.

**Standard of Review**

The Court construes plaintiff's pleadings liberally particularly because they allege civil rights violations. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999). Dismissal is also appropriate where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of plaintiff's pleadings. See Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds); Baker v. Cuomo, 58 F.3d 814, 818-19 (2d Cir. 1995) (*sua sponte* dismissal is "appropriate if it appears from the face of the complaint that the action is barred . . . by the statute of limitations"), vacated in part on other grounds, 85 F.3d 919 (2d Cir. 1996).

**Discussion**

Bivens Claim Against Federal Agencies and Employees In Their Official Capacities

A Bivens claim can only be brought against a federal employee in his individual capacity. It cannot be maintained against the United States, its agencies, or its employees in their

official capacities.  FDIC v. Meyer, 510 U.S. 471, 484-86 (1994); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994); Platsky v. CIA, 953 F.2d 26, 28 (2d Cir.1991) ("even in Bivens actions jurisdictional limitations permit a plaintiff to sue only the federal government officials responsible for violating the plaintiff's constitutional rights; a plaintiff cannot sue the agency for which the officials work") (citations omitted);  Hylton v. Federal Bureau of Prisons, No. 00 Civ. 5747, 2002 WL 720605, at *2 (E.D.N.Y. 2002).  Thus, plaintiff's claims against defendants United States and the Federal Bureau of Prisons and any individual defendants in their official capacities are dismissed for failure to state a claim upon which relief may be granted.  29 U.S.C. § 1915A.

      Bivens Claim is Barred by the Statute of Limitations

      Plaintiff's Bivens claim is clearly time-barred.  The statute of limitations for Bivens actions arising in New York is three years.  Tapia-Ortiz v. Doe, 171 F.3d 150, 151 (2d Cir. 1999) (citing Owens v. Okure, 488 U.S. 235, 251 (1989) ("where a state has multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions")); Harris v. City of New York, 186 F.3d 243, 248 (2d Cir. 1999).   The incidents of which plaintiff complains happened in 1999; however, plaintiff failed to file this action until April 15, 2005.  See e.g., Pino, 49 F.3d at 53 (dismissal based on statute of limitations "especially appropriate" where the "injuries complained of occurred more than five years before the filing of the complaint - - well outside the applicable three-year limitations period.").  In an abundance of caution, and in light of plaintiff's *pro se* status, plaintiff is afforded an opportunity to show cause why the statute of limitations should not bar the instant action.  Plaintiff shall show cause, within thirty days from

4

the date of this Order, why the statute of limitations should not bar the instant complaint.

FTCA Claim

Plaintiff states that he also "invokes this Court's jurisdiction pursuant to . . . the Federal Tort Claims Act." Compl. at 1. The United States and its agencies have sovereign immunity from suit and can only be sued with their consent and under whatever terms Congress may impose. United States v. Sherwood, 312 U.S. 584 (1941); Randell v. United States, 64 F.3d 101, 106 (2d Cir. 1995), cert. denied, 519 U.S. 815 (1996). The FTCA, 28 U.S.C. §§ 2671-80, waives sovereign immunity in certain tort actions but requires exhaustion of administrative remedies.

"An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675 (a). "The notice of claim provided for by § 2675 is intended to supply sufficient information to permit an investigation by the appropriate federal agency and to estimate the claim's worth." 55 Motor Ave. Co. v. Liberty Indus. Finishing Corp., 885 F. Supp. 410, 415 (E.D.N.Y 1994) (citing Johnson v. United States, 788 F.2d 845, 848 (2d cir.) cert. denied, 479 U.S. 914 (1986)). Further, a claim made under the FTCA must be made to the appropriate federal agency within two years of the date the claim accrued. See 28 U.S.C. § 2401(b).

Plaintiff has failed to allege compliance with the administrative procedures required by the FTCA. 55 Motor Ave. Co., 885 F. Supp. at 416 (since notice of claim requirements under the

5

FTCA are jurisdictional, allegations of presentment of claim to appropriate agency are necessary in complaint) (citing Healy v. United States Postal Serv., 677 F. Supp.1284 (E.D.N.Y. 1987) (tort claim dismissed without prejudice where plaintiff failed to allege presentation of claim to agency) and Altman v. Connally, 456 F.2d 1114 (2d Cir. 1972) (*per curiam*) (complaint deficient for failing to allege presentment of claim to the appropriate federal agency); 28 U.S.C. § 2675. While plaintiff concludes that he "has exhausted all administrative remedies prior to bringing this action," Compl. at ¶ 92, he provides no further information. Plaintiff fails to allege what claims were made, when they were made, or the result of such claims. Plaintiff shall likewise show cause, within thirty days from the date of this Order, why his claims under the FTCA should not be dismissed. 28 U.S.C. § 2675. Failure to demonstrate that his FTCA claim was presented to the appropriate agency will result in dismissal of this action for lack of subject matter jurisdiction.

42 U.S.C. § 1983

Plaintiff also invokes this Court's jurisdiction pursuant to 42 U.S.C. § 1983. Compl. at 1. In order to maintain a §1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.

Defendants Lutheran Medical Center, its nine employees, the "Unknown Security Company," its ten employees and its Chief Executive Officer do not act under color of state law within the meaning of 42 U.S.C. § 1983. Defendant Lutheran Medical Center is a private entity,

see http://www.lutheranmedicalcenter.com, and each of the employees identified in the complaint as either a doctor, nurse or administrator are private parties, not state actors. Thus plaintiff's complaint fails to state a claim under § 1983 against Lutheran Medical Center, and defendants Volpin, Brizer, Dron, Mell, Falsetto, Guillermo, Furman, Lorraine M. and Mackir. Rendell-Baker v. Kohn, 457 U.S. 830, 838-42 (1982); Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 173 (1972); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970) Likewise, defendant "Unknown Security Company" is a private entity and its employees and Chief Executive Officer are private parties, not a state actors, and thus plaintiff's complaint fails to state a claim under § 1983. Id. Moreover, the New York City Health and Hospitals Corporation and its Director are not a "person" acting under color of state law as defined within the civil rights statute 42 U.S.C. §1983. See e.g., Lovanyak v. Campbell, 955 F. Supp. 172, 174 (E.D.N.Y. 1996) (agencies of the City of New York are not subject to suit and cannot be held independently liable for § 1983 claims against them).[2] Therefore, the complaint against defendants Lutheran Medical Center, its nine employees, the "Unknown Security Company," its ten employees and its Chief Executive Officer, the New York City

---

[2] The Court need not grant leave to amend the complaint to name the City of New York as the proper defendant as the present complaint fails to set forth a basis for municipal liability. Chapter 17 § 396 of the New York City Charter provides that "all actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not that of any agency." New York City Charter, Chapter 17 § 396. In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Board of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978)). A single incident alleged in a complaint, especially if it involved only actors below the policymaking level, will not raise the inference of the existence of an officially adopted custom or policy. Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993).

Health and Hospitals Corporation and its "Director/Administrator" is dismissed because it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

Even if plaintiff had stated a cognizable claim under § 1983, plaintiff filed this action outside the three-year statute of limitation for 42 U.S.C. § 1983 actions. Owens v. Okure, 488 U.S. 235, 249-50 (1989); Wilson v. Garcia, 471 U.S. 261 (1985); Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002); Polanco v. U.S. DEA, 158 F.3d 647, 653 (2d Cir. 1998) (same statute of limitation applies to Bivens and § 1983 claims); N.Y. Civil Prac. L. & R. § 214 (5) (an action to recover damages for a personal injury must be commenced within three years).

Medical Malpractice

To the extent plaintiff seeks to raise a medical malpractice claim under this Court's diversity jurisdiction, 28 U.S.C. § 1332, the action appears to be outside the statute of limitations. A federal court sitting in diversity jurisdiction will apply the law of the forum state on outcome determinative issues. See Bank of New York v. Amoco Oil Co., 35 F.3d 643, 650 (2d Cir. 1994) (citing Erie R.R. Co. V. Tompkins, 304 U.S. 64, 80 (1938)). This includes state statutes of limitations governing the timeliness of state law claims. See Personis v. Oiler, 889 F.2d 424, 426 (2d Cir. 1989) (citing Guaranty Trust Co. v. York, 326 U.S. 99 (1945)). Under New York Law, the statute of limitations for medical malpractice is two and one-half years from the date of the alleged malpractice. N.Y. Civ. Prac. L. & R. § 214-a. Since the complaint was filed over five years after the alleged malpractice, the claim is likely time-barred.

**Conclusion**

Accordingly, the 42 U.S.C. § 1983 claims against defendants Lutheran Medical Center, defendants Volpin, Brizer, Dron, Mell, Falsetto, Guillermo, Furman, Lorraine M. and Mackir, the "Unknown Security Company," its ten employees and its Chief Executive Officer, the New York City Health and Hospitals Corporation and its "Director/Administrator" are dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. The Bivens claims against defendants Federal Bureau of Prisons, the United States and any defendant individual federal employees in their official capacities are dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

Plaintiff is hereby directed to show cause, within thirty days from the date of this Order, why the respective statute of limitations should not bar the instant Bivens, 42 U.S.C. § 1983, FTCA and medical malpractice claims and why his claim under the FTCA should not be dismissed for failure to allege presentation of his claim to the appropriate federal agency. See Cruz v. Gomez, 202 F.3d 593 (2dCir. 2000) (*pro se* plaintiff should afforded opportunity to amend complaint prior to dismissal). Plaintiff shall attach a copy of any decisions by the federal agency which reviewed his FTCA claim. No summons shall issue at this time and all further proceedings are stayed for thirty days for plaintiff to comply with this Order. If plaintiff fails to comply with this Order within the time allowed, the instant complaint shall be dismissed pursuant to 28 U.S.C. § 1915A. Once submitted, the amended complaint shall be reviewed for compliance with this order and for sufficiency under 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good

faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                      CAROL BAGLEY AMON
                                      United States District Judge

Dated:     Brooklyn, New York
             July 27, 2005