UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
────────────────────────────────────────X

WILLIAM HENRY HARRISON,

               Plaintiff,

  -against-


| | |
|---|---|
| LUTHERAN MEDICAL CENTER; Brooklyn, NY; GARRICK VOLPIN, Doctor, Psychiatrist; D. BRIZER, Doctor, Psychiatrist; F. DRON, Doctor, Psychiatrist; Doctor GLOVER, B.O.P. Doctor; JOAN MELL; Ms. FALSETTO; VERONICA GUILLERMO; Ms. FURMAN; Ms. LORRAINE M. (Can't Make Out Last Name); Ms. LAUREN MACKIR, Lutheran Administrator; 10 UNKNOWN SECURITY GUARDS; UNKNOWN SECURITY COMPANY; NEW YORK CITY HEALTH AND HOSPITALS CORP.; DIRECTOR, New York City Health and Hospitals Corp.; DIRECTOR/ ADMINISTRATOR of Lutheran Medical Center; CHIEF EXECUTIVE OFFICER of Unknown Security Company; UNITED STATES; FEDERAL BUREAU OF PRISONS; AITO/ARTO BUTEURN, | **NOT FOR PUBLICATION**<br><br>**MEMORANDUM**<br>**AND ORDER**<br>05-CV-2059 (CBA) |

               Defendants.
────────────────────────────────────────X

AMON, United States District Judge:

      Plaintiff, an inmate appearing *pro se*, filed this action under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), 42 U.S.C. § 1983, the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80 ("FTCA"), and state law. For the reasons discussed below, plaintiff's motion for reconsideration pursuant to Fed.R.Civ.P. 60(b) and his motion to amend his complaint pursuant to Fed.R.Civ.P. 15 are hereby denied. Plaintiff's FTCA and medical malpractice claims are dismissed. With respect to his remaining <u>Bivens</u> and Section

1

1983 claims, the Court directs plaintiff to submit a written affirmation, within thirty (30) days of the entry of this Order, as to his equitable tolling argument.

I.  BACKGROUND AND PROCEDURAL HISTORY

As discussed in the Court's July 27, 2005 Order, plaintiff, a Vietnam War veteran, allegedly experienced a "flashback and psychotic episode" during his arraignment proceeding before the United States District Court for the Eastern District of Texas on January 7, 1999. (Compl. ¶25.)  The presiding Magistrate Judge ordered plaintiff to undergo a psychological evaluation to determine his competency to stand trial. (Id. ¶ 26.)  Plaintiff was transported to the Metropolitan Correctional Center in New York City. (Id. ¶ 27.)  On or about February 10, 1999, plaintiff was transferred to Lutheran Hospital in Brooklyn, New York, where he alleges he was "assaulted physically, injured" and administered anti-psychotic medications without his knowledge or consent. (Id. ¶¶ 27-29.)  Plaintiff was transferred from Lutheran Medical Center on or about March 4, 1999.

On April 16, 2005, plaintiff filed the instant action alleging physical and mental abuse while he was held at Lutheran Medical Center in Brooklyn, New York from February 16, 1999 to March 4, 1999.  By Order dated July 27, 2005, the Court dismissed plaintiff's Section 1983 claims against defendants Lutheran Medical Center, Volpin, Brizer, Dron, Mell, Falsetto, Guillermo, Furman, Lorraine M. and Mackir, the "Unknown Security Company," its ten employees and its Chief Executive Officer, the New York City Health and Hospitals Corporation and its "Director/Administrator." The Court further dismissed plaintiff's Bivens claims against defendants Federal Bureau of Prisons, the United States, and any individual federal employees in their official capacities for failure to state a claim upon which relief may be granted under 28

U.S.C. § 1915A. Plaintiff was directed to show cause, within thirty days from the date of the Order, why the respective statute of limitations should not bar his remaining Bivens, Section 1983, and medical malpractice claims and why his claim under the FTCA should not be dismissed for lack of jurisdiction or as time-barred. On August 31, 2005, the Court received plaintiff's response, dated August 25, 2005. However, on September 9, 2005, the Court mistakenly dismissed plaintiff's complaint for failure to respond to the Court's July 27, 2005 Order. On September 28, 2005, plaintiff filed a motion for reconsideration of the Court's July 27, 2005 Order. On September 26, 2005, the Court received a further letter submission from plaintiff, with attached exhibits, stating that he did respond to the Court's July 27, 2005 Order and seeking to have his case reopened. Accordingly, the Court vacated the September 9, 2005 Order and Civil Judgment and reopened the case.

**II.     DISCUSSION**

      A.     Motion for Reconsideration

Federal Rule of Civil Procedure 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment [or order] for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken.

Relief from a final judgment under Rule 60(b) is "extraordinary judicial relief." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might

reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). District Courts apply this rule strictly to "dissuade repetitive arguments on issues that have already been considered fully by the Court." Commercial Union Ins. Co. v. Blue Water Yacht Club Ass'n, 289 F. Supp. 2d 337, 340 (E.D.N.Y. 2003) (internal quotations omitted). Therefore, a motion to reconsider should not be granted where a moving party "seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257; accord PAB Aviation, Inc. v. United States, No. 98-CV-5952, 2000 WL 1240196, at *1 (E.D.N.Y. Aug. 24, 2000); Hernandez v. United States, No. 99 Civ. 4303 (SAS), 2000 WL 744148, at *1 (S.D.N.Y. June 8, 2000) (denying Rule 60(b) motion where "[t]he vast bulk of [movant's] argument constitutes nothing more than a futile effort to have this Court revisit its Opinion").

The strict requirements of Rule 60(b) are applicable to *pro se* litigants. See Fetik v. New York Law School, No. 97 Civ. 7746 (DLC), 1999 WL 459805, at *3 (S.D.N.Y. June 29, 1999) (noting that a *pro se* plaintiff "is not excused from producing highly convincing evidence in support of her motion to vacate a final judgment") (internal quotations omitted). Moreover, "[t]hat a litigant is *pro se*, standing alone, is an insufficient basis for relief under Rule 60(b)." Colon v. LeFevre, No. 85-CV-313, 1989 WL 131324, at *2 (N.D.N.Y. Oct. 30, 1989).

Here, plaintiff does not meet the standard for relief under Rule 60(b).[1] Plaintiff merely

---

[1] To the extent plaintiff also seeks relief under Fed.R.Civ.P. 59(e), his claim fails. Motions for reconsideration under Fed. R. Civ. P. 59(e) are governed by the same standards governing motions for reconsideration under Rule 6.3 of the Local Rules for the United States Courts for the Southern and Eastern Districts of New York. Local Rule 6.3 provides that a "notice of motion for reconsideration or reargument shall be served within ten (10) days after the docketing of the court's determination of the original motion." Pursuant to Fed. R. Civ. P. 6(a), Saturdays and Sundays are excluded in computing the 10-day time period. Thus, a motion for reconsideration filed under Fed. R. Civ. P. 59(e) is untimely as plaintiff did not file his motion

4

resubmits allegations and arguments previously made in his original complaint that were considered fully by the Court at the time that it issued its July 27, 2005 Order. Accordingly, plaintiff's motion for reconsideration is denied with the exception of the portion of this Order which allows him to further address his equitable tolling argument as to his <u>Bivens</u> and Section 1983 claims, discussed in Part C, below.

  B. <u>Leave to Amend</u>

  Plaintiff seeks to amend his complaint to add the City of New York as a defendant. A motion to amend "shall be freely granted when justice so requires." Fed.R.Civ.P. 15(a). Leave will be denied when an amendment is offered in bad faith, would cause undue delay or prejudice, or would be futile. <u>See</u> <u>Foman v. Davis,</u> 371 U.S. 178, 182 (1962); <u>Milanese v. Rust-Oleum Corp.</u>, 244 F.3d 104, 110 (2d Cir. 2001). Plaintiff's complaint and the proposed amendment fail to allege that a custom, policy, or practice of the City of New York caused the violation of plaintiff's constitutional rights. <u>See</u> <u>Monell v. Dep't of Social Servs. of the City of New York</u>, 436 U.S. 658 (1978). Moreover, "it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. . . . [A] plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." <u>Bd. of County Comm'rs of Bryan County, Okl. v. Brown</u>, 520 U.S. 397, 404 (1997). Accordingly, plaintiff's request to amend his complaint to add the City of New York as a defendant is denied.

  C. <u>Statute of Limitations</u>

    1. <u>The FTCA Claim</u>

---

within the 10-day time period.

In the Court's July 27, 2005 Order, plaintiff was given 30 days within which to show cause as to why his FTCA claim should not be dismissed for failure to exhaust his administrative remedies or as untimely. Plaintiff responded indicating that he did file a claim with an administrative agency—the Federal Bureau of Prisons—and therefore that he did in fact exhaust his administrative remedies. However, in so doing, he also established that his FTCA claim is time-barred.

Under the FTCA, a "tort claim against the United States shall be forever barred" unless it is brought in an agency proceeding within two years of the its accrual. 28 U.S.C. § 2401(b). Additionally, upon agency denial of the action, a plaintiff has six months within which to file suit in federal court. Id. Here, plaintiff was notified of the denial of his administrative claim on April 30, 2004. He did not file this action until April 16, 2005, over 11 months later.[2] Accordingly, his FTCA claims are barred for failure to comply with the six-month time limit proscribed by 28 U.S.C. § 2401(b).[3]

2.  Bivens, Section 1983, and Medical Malpractice Claims

---

[2]In conjunction with his response to the Court' July 27, 2005 order, plaintiff filed letters that had been provided to plaintiff by the Department of Justice regarding his administrative action. Those letters establish the relevant dates regarding his administrative action that are relied on herein.

[3]In addition, in a letter submitted by plaintiff, the Department of Justice noted that plaintiff's FTCA claim accrued at the latest in May of 2001. Because he did not file his administrative action until November of 2003, more than two years later, his claim is therefore quite likely also barred pursuant to the two-year requirement of 2401(b). However, because it was during this time period that plaintiff argues that equitable tolling should apply due to his incompetence, the Court relies on the six month period of 2401(b) for the purposes of the FTCA claim, because nowhere does plaintiff allege that he was incompetent at any point between April of 2004 and April of 2005 wherein the six month period ran and expired.

6

In addition to requiring plaintiff to show cause as to his FTCA claims, the Court's July 25, 2005 Order required plaintiff to show cause as to why his Bivens, Section 1983, and medical malpractice claims are not time-barred. The statute of limitations for Section 1983 and Bivens actions is three years. Owens v. Okure, 488 U.S. 235, 249-50 (1989); Wilson v. Garcia, 471 U.S. 261, 280 (1985); Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002); Polanco v. U.S. DEA, 158 F.3d 647, 653 (2d Cir. 1998) (same statute of limitations applies to Bivens and § 1983 claims); N.Y. Civil Prac. L. & R. § 214 (5) (an action to recover damages for a personal injury must be commenced within three years). With respect to plaintiff's state law-based medical malpractice claim, the statute of limitations is two and one-half years. See Bank of New York v. Amoco Oil Co., 35 F.3d 643, 650 (2d Cir. 1994) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 80 (1938)); Personis v. Oiler, 889 F.2d 424, 426 (2d Cir. 1989) (citing Guaranty Trust Co. v. York, 326 U.S. 99 (1945)); N.Y. CPLR § 214-a.

Plaintiff's cause of action arose on or about February to March 1999, when he was treated at Lutheran Medical Center. Plaintiff's complaint was filed with this Court on April 16, 2005—over six years later. Therefore, his Bivens, Section 1983, and medical malpractice claims are clearly time-bared unless equitable tolling applies. Here, plaintiff alleges that he "was under a legal disability from January 7, 1999, until April 16, 2002, when he was declared legally competent." (Plaintiff's Opposition to District Court Judge's Memorandum and Order ("Plaintiff's Opposition") ¶ 51.) Therefore, even if plaintiff establishes that he is entitled to the benefit of equitable tolling for this entire period, his medical malpractice claim would still be untimely, because more than two and one-half years elapsed between April 16, 2002 and April 16, 2005. Accordingly, plaintiff's medical malpractice claim is dismissed.

However, plaintiff's Bivens and Section 1983 claims, which were filed three years to the day after he claims that he became legally competent,[4] would be timely if he is entitled to equitable tolling during the entire period that he asserts that he was incompetent. "Equitable tolling is a rare remedy to be applied in unusual circumstances." Wallace v. Kato, --- U.S. ----, 127 S.Ct. 1091, 1100 (2007). In the Second Circuit, "a statute of limitations may be tolled as necessary to avoid inequitable circumstances," such as "where a party has been prevented in some extraordinary way from exercising his rights." Allstate Ins. Co. v. Valley Physical Medicine & Rehabilitation, P. C., 475 F.Supp.2d 213, 232 (E.D.N.Y. 2007) (quoting Iavorski v. INS, 232 F.3d 124, 129 (2d Cir. 2000)).

The tolling of the statute of limitations as applied to § 1983 and Bivens actions is governed by state tolling provisions. Wallace, 127 S.Ct. at 1098; Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980) (citing Board of Regents v. Tomanio, 446 U.S. 478 (1980)) (noting that state tolling rules, like state limitations periods, govern federal actions brought under § 1983).

---

[4] The Court previously noted that after his examination at Lutheran Medical Center between February 10 and March 4, 1999, "Harrison underwent multiple evaluations in an effort to establish his competency to stand trial. He was finally adjudicated competent on April 16, 2002, and was tried on June 3, 2002." U.S. v. Harrison, No. 01 Civ. 40160, 2004 WL 2137352, at * 1 (5th Cir. 2004), judgment vacated, No. 04 Civ. 10259, 2005 WL 1223420, at *1 (U.S. June 27, 2005). The Court relied on the information gathered by a sister court to explain what happened to plaintiff in the intervening months. Harrison v. Lappin, No. 04 Civ. 681, 2005 WL 752189, *1 (D.D.C. March 31, 2005). In the time between his examination at Lutheran General and his trial, plaintiff was examined in May 1999 at the Federal Medical Center in Butner, North Carolina, determined to be competent to stand trial, and transferred back to Texas where he was examined by another psychologist in September 1999. Based on that report, it was determined that plaintiff was not competent to stand trial. Thereafter, plaintiff was evaluated at FMC Butner in January 2000, and, in May 2001, it was again determined that plaintiff was not competent to stand trial. Plaintiff was then transferred to the Federal Medical Center in Rochester, Minnesota and was thereafter found competent to stand trial.

Under C.P.L.R. 208, the limitations period for commencing an action may be tolled "[i]f a person entitled to commence an action is under a disability because of . . . insanity at the time the cause of action accrues." N.Y.C.P.L.R. 208. The burden falls squarely on the plaintiff to establish his entitlement to tolling in such situations. See Vallen v. Carrol, No. 02 Civ. 5666, 2005 WL 2296620, at *3 (S.D.N.Y. Sept. 20, 2005); Swartz v. Berkshire Life Ins. Co., No. 99 Civ. 9462, 2000 WL 1448627, at *5 (S.D.N.Y. Sept. 28, 2000) ("The plaintiff has the burden of establishing insanity for the purposes of the toll.").

C.P.L.R. 208 is to be "narrowly interpreted." McCarthy v. Volkswagen of Am., Inc., 55 N.Y.2d 543, 548 (1982). While the statute itself provides no definition of "insanity," the New York Court of Appeals has established that, at a bare minimum, those asserting C.P.L.R. 208 insanity as a basis for tolling must prove they "are unable to protect their legal rights because of an over-all inability to function in society." Id.

In addition, to qualify for tolling under C.P.L.R. 208, the plaintiff must also satisfy the "continuous disability" requirement, Libertelli v. Hoffman-La Roche, Inc., 565 F. Supp. 234, 236 (S.D.N.Y. 1983), which requires a showing that the disability of insanity was continuous during the relevant period. McEachin v. City of New York, No. 03 CV 6421 (CBA), 2007 WL 952065, at *4 (E.D.N.Y. Mar. 29, 2007) (plaintiff did not demonstrate that he suffered from insanity continuously for the time period he seeks to toll); Basher v. Madonna Realty Corp., No. 01 CV 5116, 2007 WL 174130, at *3 (E.D.N.Y. Jan. 19, 2007); Carter v. Doe, No. 05 Civ. 8432, 2006 WL 2109461, at *3 (S.D.N.Y. July 26, 2006). Therefore, "'[i]f the plaintiff had a lucid interval of significant duration, preceded and followed by a period of insanity, the toll is lost and

9

is not resurrected when a plaintiff relapses into insanity.'" Carter, 2006 WL 2109461, at *3 (quoting Graboi v. Kibel, 432 F.Supp. 572, 579 (S.D.N.Y. 1977)).

Here, although plaintiff alleges that he was incompetent and thus could not timely file his complaint with this Court, plaintiff did file a civil rights action in the United States District Court for the Eastern District of Texas on February 17, 2002. See Harrison v. Smith et al., No. 02-cv-602 (WMS) (E.D.Texas 2002); Harrison v. Smith, 83 Fed.Appx. 630, 2003 WL 22946387, at *1 (5th Cir. Dec. 11, 2003). Thus, plaintiff's assertion that he was unable to timely file a complaint in this Court because he was incompetent is questionable. See Carter, 2006 WL 2109461, at *3 (plaintiff's filing of "two lawsuits in the Southern District of New York during the three-year period following the incident at issue" demonstrated the plaintiff's "ability to advance his own legal interests."); Vallen, 2005 WL 2296620, at *4 (plaintiff did not qualify for C.P.L.R. 280 tolling because he filed five lawsuits during the relevant time period); Reyes v. City of New York, 00 Civ. 1050 (NRB), 2000 WL 1505983, at *3 (S.D.N.Y. Oct. 6, 2000) ("Although plaintiff's legal position on this motion is grounded on an assertion that he was unable to protect his legal rights during the years 1994-99, in fact he pursued several legal avenues, obtaining legal representation and displaying a consistent ability to advance his own legal interests in a variety of fora.").

In this case, plaintiff's response to the Court's July 27, 2005 Order to show cause fails to meet his burden of establishing equitable tolling. First, plaintiff has not established that he was in fact unable to protect his legal rights because of an over-all inability to function in society. Second, he has not met his burden of establishing that he was continuously disabled or insane

throughout the entire period that he seeks to toll, especially in light of the fact that he filed another lawsuit during this period. See McEachin, 2007 WL 952065, at *4. However, in an abundance of caution, plaintiff is granted one final opportunity to submit a written affirmation and documents to support his claim that the statute of limitations in this case should be equitably tolled as to his Bivens and Section 1983 claims.

**III.   CONCLUSION**

Plaintiff's motion for reconsideration of the Court's Order pursuant to Fed.R.Civ.P. 60(b)

(docket entry 8) and plaintiff's motion to amend the complaint pursuant to Fed.R.Civ.P. 15 (docket entry 5) are hereby denied. Plaintiff's FTCA and medical malpractice claims are hereby dismissed as time-barred. Plaintiff is afforded thirty days to file a written affirmation and supporting documents to show cause as to why the statute of limitations should not bar his remaining <u>Bivens</u> and section 1983 claims. Therein, plaintiff shall set forth pertinent facts and applicable dates regarding the entire period he seeks to equitably toll.

If plaintiff fails to submit an affirmation within the time allowed, the action shall be dismissed and judgment shall enter. The Court certifies pursuant to 28 U.S.C. § 1915 (a) (3) that any appeal from this Order would not be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      October 11, 2007

CAROL BAGLEY AMON
United States District Judge