UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X   NOT FOR PUBLICATION
WILLIAM HENRY HARRISON,

                    Plaintiff,                    **MEMORANDUM
                                                         AND ORDER**
                -against-                   05-CV-2059 (CBA)

LUTHERAN MEDICAL CENTER, et al.,

                    Defendants.
----------------------------------------------------------X
AMON, United States District Judge:

      Plaintiff William Henry Harrison, a federal prisoner appearing *pro se*, filed this action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), 42 U.S.C. § 1983, the Federal Tort Claims Act, 28 U.S.C. §§1346, 2671-80 ("FTCA") and state law.

**I.     Background and Procedural History**

      On April 16, 2005, plaintiff filed the instant action alleging physical and mental abuse, including forced medication, while he was held at Lutheran Medical Center in Brooklyn, New York from February 16, 1999 to March 4, 1999. By Order dated July 27, 2005, the Court dismissed plaintiff's Section 1983 claims against defendants Lutheran Medical Center, Volpin, Brizer, Dron, Mell, Falsetto, Guillermo, Furman, Lorraine M. and Mackir, the "Unknown Security Company," its ten employees and its Chief Executive Officer, the New York City Health and Hospitals Corporation and its "Director/Administrator." The Court further dismissed plaintiff's Bivens claims against defendants Federal Bureau of Prisons, the United States, and any individual federal employees in their official capacities for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A.

-1-

However, the Court afforded plaintiff the opportunity to show cause, within 30 days from the date of the Order, why the respective statutes of limitations should not bar his remaining Bivens, Section 1983, and medical malpractice claims and why his claim under the FTCA should not be dismissed for lack of jurisdiction or as time-barred. On August 31, 2005, the Court received plaintiff's response entitled "Plaintiff's Opposition to District Court Judge's Memorandum and Order and Amendment (Rule 15(a), F.R.C.P.)" dated August 25, 2005 ("Plaintiff's Opp."). However, on September 9, 2005, plaintiff's complaint was mistakenly dismissed for failure to respond to the Court's Order. By letter dated September 20, 2005, plaintiff moved for reconsideration and the Court vacated the September 9, 2005 Order and Civil Judgment and reopened the case.

By Order dated October 11, 2007, the Court denied plaintiff's motion for reconsideration pursuant to Fed. R. Civ. P. 60(b) of that portion of the Court's July 27, 2005 Order that had dismissed a number of his claims. The Court also denied plaintiff's motion to amend his complaint pursuant to Fed. R. Civ. P. 15 to add the City of New York as a defendant since he failed to allege facts in his proposed amended complaint demonstrating that a municipal custom, policy or practice caused the alleged violation of his constitutional rights. See Monell v. Dep't of Social Servs. of the City of New York, 436 U.S. 658 (1978).[1]  Furthermore, the Court dismissed plaintiff's FTCA and medical malpractice claims as time-barred.

Because plaintiff argued that he was "under a legal disability from January 7, 1999 until April 16, 2002, when he was declared legally competent" (Plaintiff's Opp. ¶ 51), the Court

---

[1] Moreover, since the Court will hold below that all of plaintiff's section 1983 claims are time-barred, any adequately alleged claim against the City of New York would have also been time-barred.

granted plaintiff leave to set forth his tolling argument in support of his Bivens and Section 1983 claims. The limitations period can be tolled during the time a person suffers a disability such as insanity, see C.P.L.R. § 208, however, it is plaintiff's burden to show that he was disabled throughout the relevant period, *i.e.*, that the disability was continuous during the period alleged. As plaintiff had commenced other *pro se* litigations in other courts during the period, the Court provided plaintiff with an additional opportunity to demonstrate a basis for equitable tolling and to show cause why the remaining claims should not be time-barred. Specifically, the Court directed plaintiff to demonstrate that he was continuously disabled throughout the entire period he sought to toll.

## II. Plaintiff's Affirmation and Motion for Reconsideration

On October 25, 2007, plaintiff filed an Affirmation in response to the Court's October 11, 2007 Order. In the same document, plaintiff also requested reconsideration of the Court's October 11, 2007 Order denying his request to amend the complaint to add the City of New York as an additional defendant and dismissing his FTCA and medical malpractice claims.

### A. Motion for Reconsideration

The Second Circuit has long since held that a district court has the inherent power to reconsider its interlocutory orders. See, e.g., United States v. LoRusso, 228 F.3d 40, 52-53 (2d Cir. 1982); Grace v. Rosenstock, 228 F.3d 40, 51 (2d Cir. 2000); Richman v. W.L. Gore & Assocs., 988 F. Supp. 753, 755 (S.D.N.Y. 1997) (citing Dictograph Prods. Co. v. Sonotone Corp., 230 F.2d 131, 134-35 (2d Cir. 1956) (Hand, L., J.)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp.,

Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Richman, 988 F. Supp. at 755 ("The major grounds that justify a reconsideration involve an intervening change in the controlling law, the availability of new evidence, or the need to correct a clear error or to prevent manifest injustice."); Commercial Union Ins. Co. v. Blue Water Yacht Club Ass'n, 289 F. Supp. 2d 337, 340 (E.D.N.Y. 2003); Herschaft v. The New York City Campaign Fin. Bd., 139 F. Supp. 2d 282, 283-84 (E.D.N.Y. 2001). Accordingly, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257; see also Commercial Union Ins. Co., 289 F. Supp. 2d at 340 ("The difficult burden imposed on the moving party has been established 'in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.'").

Here, plaintiff merely seeks to relitigate an issue that has already been decided. As the Court noted in the October 11, 2007 Order, although generally a motion to amend is freely granted, amendment should not be granted when it would be futile or would cause undue delay or prejudice. See Foman v. Davis, 371 U.S. 178, 182 (1962); Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003) ("[L]eave to amend a complaint need not be granted when amendment would be futile."); Jones v. New York State Div. of Military & Naval Affairs, 166 F.3d 45, 50 (2d Cir. 1999) (holding that "a district court may properly deny leave when amendment would be futile."). Plaintiff's allegations do not alter the Court's conclusion, as set forth in the October 11, 2007 Order, that the proposed amendment would be futile.[2] Therefore, his motion for

---

[2]Plaintiff also argues that the Court should have allowed him to amend "as of right" because defendants had not answered the complaint. While plaintiff is technically correct to note that the Federal Rules of Civil Procedure allow for an amendment as of right at any time prior to a responsive pleading, the Court is required by statute to dismiss this *in forma pauperis* action *sua sponte* at any time if it determines that the complaint fails to state a claim upon which relief

-4-

reconsideration is DENIED.

B.     Plaintiff's Affirmation

   1. Tolling under C.P.L.R. § 208

Plaintiff's Affirmation fails to argue that he is entitled to equitable tolling based on insanity pursuant to C.P.L.R. § 208. Apart from continuing to allege that his "incompetency ended as stated on April 16, 2002," see Plaintiff's Affirmation at 3, ¶ 8, he provides no other information in support of this claim. Instead, plaintiff focuses on a new argument for tolling, *i.e.*, the savings clause provision under New York's Civil Practice Law and Rules ("C.P.L.R.") § 205(a). Accordingly, plaintiff's argument that he is entitled to tolling based on mental incapacity or insanity pursuant to section 208 is abandoned. Therefore, unless tolling is available under C.P.L.R. § 205(a), the remaining claims in the complaint shall be dismissed as time-barred.

   2. Tolling under C.P.L.R. § 205(a)

C.P.L.R. § 205(a) provides:

> If an action is timely commenced and is terminated in any other
> manner than by voluntary discontinuance, a failure to obtain
> personal jurisdiction over the defendant, a dismissal of the
> complaint for neglect to prosecute the action, or a final judgment
> on the merits, the plaintiff ... may commence a new action upon the
> same transaction or occurrence or series of transactions or
> occurrences within six months after the termination provided that
> the new action would have been timely commenced at the time of

---

would be granted. See 28 U.S.C. § 1915(e)(2)(b)(ii); see also 28 U.S.C. § 1915A (in an action such as this one brought by a prisoner against a government official, the Court shall review the action, before docketing if feasible, and dismiss it at that stage if it fails to state a claim upon which relief may be granted).

> the commencement of the prior action and that service upon
> defendant is effected within such six-month period.

This rule applies here as federal courts in New York apply New York's tolling rules to Section 1983 claims. See Board of Regents of Univ. of State of N.Y. v. Tomanio, 446 U.S. 478 (1980); Allaway v. McGinnis, 362 F.Supp.2d 390, 394-95 (W.D.N.Y. 2005).

Here, plaintiff alleges that "he filed the initial lawsuit against the same defendants, alleging the same causes of action in the District of Columbia's U.S. District Court, in late February, early March 2004 while at Petersburg FCC (Low) Facility, under case number 04-0681." Plaintiff's Affirmation at 2, ¶ 4. Plaintiff further alleges that "[t]his lawsuit was dismissed, without prejudice, by Hon. James Roberston, U.S.D.J., on March 31, 2005, with the advisement to commence the action in the appropriate jurisdiction and venue," *Id.*, and that his action filed here on April 16, 2005, was timely because it was commenced within six months after Judge Robertson's decision.

By order dated March 31, 2005, Judge Robertson, in relevant part, dismissed the complaint against the Lutheran Medical Center defendants for lack of personal jurisdiction and dismissed the FTCA claim for improper venue. See Harrison v. Lappin, et al., No. Civ.A.04-0681 (JR), 2005 WL 752189 (D.D.C. Mar. 31, 2005).[3] Section 205(a) allows for refiling of the same action against the same defendants within six months of the dismissal, only if "[the initial]

---

[3] The Court takes notice that the Lutheran Medical Center defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1)-(3) and 12(b)(6) or, in the alternative, asked the Court to transfer the case to this Court. Among other things, defendants argued that plaintiff's claims were time barred against Lutheran Medical Center and its employees. See docket entries #27, #47 in Harrison v. Lappin, No. Civ.A.04-0681 (JR).

action was timely commenced" and only if the initial action was dismissed for reasons other than those set forth in C.P.L.R. § 205(a). See Doe v. Harrison, 2006 WL 2109433, at *4-5 (citing cases); Gentilviso v. New York Public Library, 589 F.Supp. 587, 592 (S.D.N.Y. 1984) ("Section 205(a) requires timely commencement of the first action"); Kramer v. Herrera, 188 A.D.2d 1038, 1039 (4th Dep't 1992) ("timely commencement of the prior action is a condition precedent to the invocation of C.P.L.R. § 205(a)"), *appeal dismissed, leave to appeal denied by* 81 N.Y.2d 993 (1993).

Plaintiff's action was not timely commenced in the District of Columbia regarding claims arising from his stay at Lutheran Medical Center from February 16, 1999 through March 4, 1999. The Court takes notice that the District of Columbia's records for the case filed under docket number Civ.A.04-0681 show that the complaint dated March 29, 2004, was filed with the Court on April 27, 2004, not "late February, early March 2004," as plaintiff states, see docket entry #1 in Harrison v. Lappin, No. Civ.A.04-0681 (JR). Accordingly, plaintiff's complaint against the Lutheran Medical Center defendants was not timely filed in the District of Columbia, and he cannot benefit from the tolling available under C.P.L.R. § 205(a).

### III. Conclusion

Plaintiff's motion for reconsideration of the Court's October 11, 2007 is DENIED. Having provided plaintiff with two opportunities to show cause why the statute of limitations should not bar the action and plaintiff having failed to present the Court with a basis to toll the statute of limitations with respect to his remaining Bivens and Section 1983 claims, they are DISMISSED in their entirety as time-barred pursuant to 28 U.S.C. §§ 1915A; 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and to close this case.

    SO ORDERED.

Dated: Brooklyn, New York
       April 28, 2008

                                  Carol Bagley Amon
                                  United States District Judge