FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 29 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
WILLIAM HENRY HARRISON,

                Plaintiff,

-against-

LUTHERAN MEDICAL CENTER, et al.,

                Defendants.
-----------------------------------------------------------------x

NOT FOR PUBLICATION
MEMORANDUM &
ORDER
05-CV-2059 (CBA) (LB)

AMON, United States District Judge:

Before the Court are objections to the Report and Recommendation ("R&R") in this matter. Plaintiff William Henry Harrison, pro se, filed this action on April 12, 2005 while he was a prisoner in federal custody and asserted claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971); 42 U.S.C. §§ 1983, 1985 and 1986; the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80 ("FTCA"); and state law. Harrison's complaint alleges that, in 1999, he was assaulted, forcibly medicated, and tortured at Lutheran Medical Center ("Lutheran") in Brooklyn, New York. Harrison was at Lutheran for the purposes of a psychological evaluation to determine his fitness to stand trial on criminal charges in the Eastern District of Texas. The Federal Defendants and the Lutheran Defendants moved to dismiss this action, and this Court referred the application to the Hon. Lois Bloom, United States Magistrate Judge, for an R&R.

On March 23, 2010, Magistrate Judge Bloom issued an R&R granting in part and denying in part the defendants' motions to dismiss.[1] (ECF No. 98.) The Magistrate Judge recommended that Harrison's FTCA claim be dismissed as time-barred, but found based upon the complaint's

---

[1] Unless otherwise specified, defined terms in this memorandum and order retain the meaning assigned to them in Magistrate Judge Bloom's R&R of March 23, 2010. (ECF No. 98.)

1

allegations that his section 1983 claim against the Lutheran Defendants either accrued within the three-year statute of limitations, or alternatively, might be eligible for equitable tolling. The Magistrate Judge further recommended dismissal of Harrison's section 1985, 1986 and state law claims, as well as the Bivens claim that he asserted against defendant Glover. Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, both Harrison and the Lutheran Defendants filed timely objections to the R&R.[2] The Court reviews the R&R de novo. See Fed. R. Civ. P. 72(b); The European Community v. RJR Nabisco, Inc., 134 F. Supp. 2d 297, 302 (E.D.N.Y. 2001).

For the reasons set forth below, the Court adopts that portion of the R&R that recommends dismissing plaintiff's FTCA, section 1985, 1986 and state law claims, and the Bivens claim asserted against defendant Glover. On the question of the timeliness of the section 1983 claims against the Lutheran Defendants, the Court orders further briefing from Harrison and the Lutheran Defendants regarding the applicability of collateral estoppel to the question whether Harrison was incompetent after January 22, 2002.

## DISCUSSION

Harrison objects to the R&R's recommendation that this Court reject his FTCA claim as untimely, his Bivens claim against defendant Glover and his civil rights conspiracy claims as inadequately pled, and his state law claims as untimely. The Lutheran Defendants object to the Magistrate Judge's determination that Harrison's section 1983 claims against them were timely filed. The Court rejects Harrison's objections and orders further briefing on the applicability of collateral estoppel which might render the Lutheran Defendants' objections to the R&R moot.

---

[2] The Federal Defendants did not file formal objections to the R&R because the Magistrate Judge recommended that all claims against the United States, the BOP and Dr. Glover be dismissed. The Federal Defendants nonetheless noted their objections to the R&R's findings that (1) Harrison's claims accrued on April 16, 2002, and (2) that Harrison's Bivens claims against Glover were not time-barred. (ECF No. 99).

## I. FTCA Claim

Harrison objects to dismissal of his FTCA claim against the United States. The R&R recommended dismissal of the FTCA claim because Harrison failed to present his claim to the BOP within two years of his release from Lutheran and MCC on March 4, 1999. Further, because Harrison failed to commence this action until April 12, 2005, more than six months after the Department of Justice denied Harrison's claim by letter dated April 30, 2004, the Magistrate Judge found the FTCA claim untimely under 28 U.S.C. § 2401(b) (action must be commenced within six months of agency denial). Harrison objects on the grounds that the BOP failed to serve notification of the denial of his claims "by registered/certified mail" as required under the statute.

This objection is not persuasive. The Magistrate Judge correctly concluded that plaintiff's FTCA claim accrued at the time of his injury. (R&R at 9); see also Valdez v. United States, 518 F.3d 173, 177 (2d Cir. 2008). Previous orders in this case, as well as Harrison's D.C. Action and an action commenced in North Carolina, have all assumed that the FTCA claim against the United States for unconstitutional psychiatric confinement and involuntary medication accrued at the time of Harrison's hospitalization. As the Magistrate Judge correctly observed, Harrison states in his complaint that he "protested at every turn" when he was involuntarily medicated during his hospitalization. (Compl. ¶ 68.) He was thus "clearly aware of the injury and its cause while hospitalized [from] February to March 4, 1999." (R & R at 9.) Further, the FTCA's statute of limitations, codified at 28 U.S.C. § 2401(b), does not contain a tolling provision for insanity, and courts have refused to toll the statute of limitations for mental disability where, as here, the government has not caused the plaintiff's mental disability. See, e.g., Sell v. U.S. Dep't of Justice, 585 F.3d 407, 409–11 (8th Cir. 2009); Chomic v. United States, 377 F.3d 607, 615 (6th Cir. 2004) (collecting cases); Casias v. United States, 532 F.2d 1339, 1342 (10th Cir. 1976).

3

Harrison's failure to present his administrative claim within two years of March 4, 1999 therefore renders his claim untimely and unexhausted, regardless of whether the agency failed (as Harrison alleges) to mail final denial of the claim by registered or certified mail. Because administrative exhaustion requirements under the FTCA are jurisdictional and may not be waived, Harrison's FTCA claim should be dismissed for lack of subject matter jurisdiction. Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005).

## II. Bivens Claim Against Defendant Glover

The Court adopts that portion of the R&R that recommended it dismiss Harrison's Bivens claim against defendant Glover. The Magistrate Judge recommended that this Court dismiss that claim because Harrison failed to adequately plead that Glover was personally involved in the acts that Harrison says violated his rights. (R&R at 20–21.) In his objections, Harrison has not explained why the Magistrate Judge's view of his pleadings is wrong. Instead, he has argued that he timely asserted his Bivens claim. (Pl. Objs. at 2–3.)

The Court adopts the recommendation of the R&R because, as the Magistrate Judge observed, Harrison's threadbare allegations of Dr. Glover's involvement state only that individuals at Lutheran may have acted "with the complicity and approval of Defendant Glover." (Compl. ¶¶ 30, 37.) These conclusory allegations are not sufficient to state a claim that is plausible on its face and do not sufficiently establish personal involvement of the defendant as required in a Bivens action. See Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009); Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009).[3]

---

[3] Harrison additionally objects to the court's failure to order the Lutheran Defendants to provide identifying information for Dr. Volpin and an unknown security company and guards. (Pl. Objs. at 3.) These issues were not addressed in the R&R and therefore do not constitute "specific objections to the proposed findings and recommendations" of the Magistrate Judge as required under Rule 72(b)(2) of the Federal Rules of Civil Procedure.

### III. Civil Rights Conspiracy

The Court also rejects Harrison's objections to the dismissal of his civil rights conspiracy claims. The Magistrate Judge recommended dismissal of Harrison's section 1985 claim on the grounds that Harrison failed to allege facts supporting a claim of conspiracy and failed to allege that the conspiracy was based on discriminatory animus. (R&R at 19.) Since the section 1986 claim depended on the validity of the section 1985 claim, dismissal of this claim was similarly recommended. Harrison now argues that he has shown "documents in the Lutheran medical records [that] indicate that the Lutheran defendants communicated with Dr. Glover of the BOP on both occasions when [he] was assaulted and force medicated." (Pl. Objs. at 2.) These facts do not dictate a different result.

Harrison's complaint, construed broadly, does not allege that any conspiracy was motivated by "racial, or perhaps otherwise class-based, invidiously discriminatory animus." United Bd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 828-29 (1983). That Harrison may be able to establish that the Lutheran Defendants communicated with the BOP does not in any way suggest that the defendants conspired with discriminatory intent to deprive Harrison of his constitutional rights. Indeed, it does not shed any light on the purpose or nature of the alleged conspiracy. Accordingly, Harrison's section 1985 claim should be dismissed. Because Harrison has failed to state a section 1985 claim, his section 1986 claim must, as the Magistrate Judge stated, also be dismissed because such a claim "is contingent on a valid § 1985" conspiracy. Graham v. Henderson, 89 F.3d 75, 82 (2d Cir. 1996).

### IV. State Law Claims

The Court also dismisses Harrison's state law claims. The Magistrate Judge

---

The Court therefore does not address these objections.

recommended that Harrison's medical malpractice, assault, battery, and false imprisonment claims (to the extent that Harrison has asserted such claims) be dismissed as untimely. (R&R at 21–22.) Harrison says that he timely filed his medical malpractice claim under the two and one-half year statute of limitations that applies under New York law. See N.Y. C.P.L.R. § 214-a. Harrison argues that he became competent on April 16, 2002, and that he filed his medical malpractice claim in federal court in the District of Columbia within two and one-half years of that date. See Harrison v. Lappin, No. 04-CV-681 (JR), 2005 WL 752189 (D.D.C. Mar. 31, 2005) (the "D.C. Action"). He contends that N.Y. C.P.L.R. § 205(a)—which provides that "where an action is timely commenced and is terminated in any other manner than by . . . a failure to obtain personal jurisdiction over the defendant . . . the plaintiff . . . may commence a new action upon the same transaction or occurrence . . . within six months after the termination"—renders his later filing of that same claim in this Court timely.[4] (Pl. Objs. at 1.) Harrison has not challenged the determination that his other state law claims, which are subject to a one-year statute of limitations, are untimely.

New York law does not permit Harrison to press his medical malpractice claim, or any of his other state law claims, in this suit. Section 205(a), upon which Harrison relies in arguing that his medical malpractice claim is timely, permits a plaintiff to assert an otherwise untimely claim if he timely asserted that same claim in a prior suit that was dismissed. See Pyne v. 20 E. 35 Owners Corp., 267 A.D.2d 168, 169 (N.Y. App. Div. 1999). The plaintiff must assert the same claim against the same defendant and must do so within six months of dismissal of the earlier suit. Id. Section 205(a) does not, however, preserve claims asserted in a prior suit if that suit was dismissed

---

[4] As the R&R correctly observes, federal courts apply state tolling rules to section 1983 and Bivens claims. Wallace v. Kato, 549 U.S. 384, 394 (2007).

6

for lack of personal jurisdiction. Winston v. Freshwater Wetlands Appeals Bd., 224 A.D.2d 160, 165–66 (N.Y. App. Div. 1996) (section 205(a) inapplicable where prior action dismissed for lack of personal jurisdiction); Bishop v. Uno Pizza, 725 N.Y.S.2d 840 (Sup. Ct. 2001) (same). Here, the D.C. court dismissed Harrison's medical malpractice claim against the Lutheran Defendants for want of personal jurisdiction. Harrison, 2005 WL 752189, at *2–3 & n.4. Accordingly, even accepting as true Harrison's argument that he was not competent until April 16, 2002, and timely asserted his medical malpractice claim in the D.C. Action, Section 205(a) does not save Harrison's medical malpractice claim. Harrison's other state law claims are untimely for the reasons stated by the Magistrate Judge and not challenged by Harrison.

V. Section 1983 Claim Against the Lutheran Defendants

The Lutheran Defendants object to the Magistrate Judge's recommendation that this Court conclude that Harrison timely filed his section 1983 claim against them. The Magistrate Judge accepted Harrison's allegation that he was not competent until April 16, 2002, the day that a federal district judge in the Eastern District of Texas declared Harrison competent to stand trial in that district. (R&R at 13–15.) Alternatively, the Magistrate Judge decided that if Harrison's section 1983 claim accrued before April 16, 2002, Harrison might be entitled to equitable tolling, apparently as a matter of federal law. (Id. at 15–18 & n.13.) The Lutheran Defendants argue that both of those decisions are wrong because Harrison has alleged that he knew that, at the time of his allegedly unlawful detention and medication, the Lutheran Defendants were violating his rights.

Before addressing that objection, the Court believes it necessary to determine whether or not collateral estoppel bars Harrison from asserting in this suit that he was not competent to

recognize and file his section 1983 claim until April 16, 2002.[5] In 2005, Harrison filed suit in the Eastern District of North Carolina against the BOP and several employees of Butner Federal Correctional Complex (where the government sent him after his stay at Lutheran) and asserted claims similar to the claims that he is asserting in this suit. See Civil Docket Sheet for Case # 5:05-ct-00550-D. The defendants asserted as a defense to Harrison's Bivens claim the same defense that the Lutheran Defendants assert here against Harrison's section 1983 claim: Harrison had not filed suit within the applicable statute of limitations. Harrison v. Herbel, No. 5:05-ct-00550-D, slip op. at 5 (E.D.N.C. July 17, 2007). Harrison responded with the same argument that he offers in this litigation: namely, that he was not competent for limitations purposes until an Article III judge declared him competent to stand trial on April 16, 2002. Id. at 6. The court applied North Carolina law to the question of timeliness, which it apparently treated as a question of tolling.[6] Id. And North Carolina law permitted tolling for an adult "who lacks sufficient capacity to manage [his] own affairs or to make or communicate important decisions concerning [his] person, family, or property," N.C. Gen. Stat. § 35A-1101(7). Harrison, slip op. at 6. The court rejected Harrison's competency argument and held that Harrison "had the mental

---

[5] The Court has raised this issue notwithstanding the fact that the Lutheran Defendants have not. See Scherer v. The Equitable Life Assurance Soc'y of the U.S., 347 F.3d 394, 400 (2d Cir. 2003) ("It is well established law in this Circuit that certain affirmative defenses, including res judicata, may be raised sua sponte."); Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993) ("[R]es judicata is a doctrine founded in part on the strong public interest in economizing the use of judicial resources by avoiding relitigation."). The Federal Defendants, in their motion to dismiss, asserted collateral estoppel based upon the North Carolina litigation as a defense to Harrison's Bivens claim against them (ECF No. 90 at 12–13), but the R&R does not address the issue. And Harrison has not addressed the question whether collateral estoppel bars him from litigating the question of competency, although he has said, in his response to the Federal Defendants' objections to the R&R, that the result of the North Carolina litigation is wrong on the merits. (ECF No. 104 at 2–3.)

[6] Neither the parties nor the district court mentioned the question of accrual, although they may have thought that they were deciding that question, in form or substance, when they addressed "tolling." See Pearl v. City of Long Beach, 296 F.3d 76, 81 (2d Cir. 2002) ("The initial difficulty encountered in trying to compare accrual, governed by federal law, with tolling, governed by state law, is that the reported decisions of the federal and state courts do not always mean the same thing by their use of these phrases.").

competence to manage his own affairs, such as he would not be considered incompetent ... no later than January 22, 2002." Id. at 7. In reaching this conclusion, the court relied principally on the fact that on that date the director of the facility at which Harrison was being held declared that Harrison was competent to stand trial and transferred him to the Eastern District of Texas, where a federal district judge later accepted that finding and formally determined that he was competent to stand trial. Id. at 6–7. Harrison appealed the district court's ruling to the U.S. Court of Appeals for the Fourth Circuit, which affirmed "for the reasons stated by the district court." Harrison v. Herbel, 281 F. App'x 236 (4th Cir. 2008).

The result in that North Carolina litigation likely bars Harrison from asserting in this suit that he was incompetent—for purposes of accrual and tolling—after January 22, 2002. "[I]ssue preclusion, also known as collateral estoppel, bars a plaintiff from relitigating an issue that has already been fully and fairly litigated in a prior proceeding." Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 918 (2d Cir. 2010). Issue preclusion applies to bar relitigation when "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." Ball v. A.O. Smith Corp., 451 F.3d 66, 69 (2d Cir. 2006) (internal quotation marks omitted). Relevant here, the "rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits." Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995); see also Restatement (Second) of Judgments § 27 cmt. d (1982).

These general principles of law are well settled, but how they apply to this litigation has not

9

been addressed by the Lutheran Defendants. For that reason, and because Harrison has not briefed the issue (the R&R, which did not address the issue, may have persuaded him that he did not have to), the Court orders the Lutheran Defendants and Harrison to brief the question of whether and how collateral estoppel applies to Harrison's argument that he was not competent for purposes of accrual and tolling until April 16, 2002. The Lutheran Defendants shall file papers addressing this issue within 14 days of receipt of this order. Harrison shall file papers within 14 days after receipt of the Lutheran Defendants' papers. The Court will review the submissions and then, if it is not persuaded that collateral estoppel bars Harrison's argument, will address the Lutheran Defendants' objections to the R&R.

## CONCLUSION

For the reasons set forth above, the Court adopts that portion of the R&R that recommends dismissal of Harrison's FTCA, section 1985, 1986, and state law claims, as well as the Bivens claim asserted against defendant Glover. The Court orders additional briefing, consistent with the schedule stated above, on the question whether collateral estoppel bars Harrison from arguing that his section 1983 claim against the Lutheran Defendants is timely filed. The Clerk of the Court is directed to enter judgment in accordance with this Order.

SO ORDERED.

Dated: Brooklyn, New York
September 27, 2010

s/Carol B. Amon

Carol Bagley Amon
United States District Judge