UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
WILLIAM HENRY HARRISON,

                        Plaintiff,

-against-

LUTHERAN MEDICAL CENTER, et al.,

                        Defendants.
-----------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
05-CV-2059 (CBA) (LB)

AMON, United States District Judge:

William Henry Harrison, pro se, and Lutheran Medical Center have filed papers, at the Court's request, that address the question whether collateral estoppel bars Harrison from asserting his section 1983 claim against Lutheran, which is the only claim remaining in this litigation. See Harrison v. Lutheran Med. Ctr., No. 05-CV-2059, 2010 WL 4038791, at *4–5 (E.D.N.Y. Sept. 29, 2010). Lutheran argues that collateral estoppel bars Harrison from arguing in this action that he was incompetent for purposes of accrual and tolling after January 22, 2002 so that his section 1983 claim was timely filed. Harrison says that collateral estoppel does not apply for two reasons: (1) Lutheran has forfeited the right to raise the issue now because it did not raise it earlier; and (2) the earlier judgment regarding his competence was wrong on the merits. For the reasons that follow, the Court concludes that collateral estoppel bars Harrison from asserting delayed accrual or tolling based upon his alleged incompetence. Lutheran's motion to dismiss the last remaining claim in this litigation is granted.

## DISCUSSION

A full account of the facts in this litigation is contained in Magistrate Judge Bloom's report and recommendation in this matter and will not be repeated in its entirety here. Harrison v. Lutheran Med. Ctr., No. 05-CV-2059, 2010 WL 3924292, at *1–2 (E.D.N.Y. Mar. 23, 2010).

1

Briefly, Harrison, who filed suit on April 12, 2005, alleges that Lutheran assaulted, forcibly medicated, and tortured him while he was at Lutheran for the purpose of determining his competence to stand trial in the Eastern District of Texas. The only unresolved question in this action is whether Harrison's section 1983 claim against Lutheran is time barred. The answer to that question depends on whether Harrison was not, as he contends, competent for limitations purposes until April 16, 2002. The Court concludes that collateral estoppel bars Harrison—who previously litigated the issue of his competence against other defendants in North Carolina—from arguing that he was not competent for limitations purposes after January 22, 2002. It thus dismisses Harrison's section 1983 claim.

As the Court explained in its last order, in 2005, Harrison filed suit in the Eastern District of North Carolina against the Bureau of Prisons and several employees of Butner Correctional Complex, where the government sent Harrison after his stay at Lutheran. Harrison asserted claims similar to the claims that he has asserted in this suit, including a Bivens claim. The defendants in that action asserted as a defense to Harrison's Bivens claim the same defense that Lutheran has asserted here to Harrison's section 1983 claim, i.e., that Harrison had not filed suit within the applicable statute of limitations. Harrison v. Herbel, No. 5:05-ct-550, slip op. at 5 (E.D.N.C. July 17, 2007). Harrison responded with the same argument that he has offered in this action: namely, that he was not competent for limitations purposes until an Article III judge declared him competent to stand trial in the Eastern District of Texas on April 16, 2002. Id. at 6.

The district court applied North Carolina law to the question of timeliness, which it apparently treated as a question of tolling, although the opinion is not entirely clear, id. See Pearl v. City of Long Beach, 296 F.3d 76, 81 (2d Cir. 2002) ("The initial difficulty encountered in trying to compare accrual . . . with tolling . . . is that the reported decisions of the federal and

2

state courts do not always mean the same thing by their use of these phrases."). And North Carolina law permitted tolling for an adult who "lacks sufficient capacity to manage [his] own affairs or to make or communicate important decisions concerning [his] person, family, or property," N.C. Gen. Stat. § 35A-1101(7).

The district court rejected Harrison's competency argument and held that he "had the mental competence to manage his own affairs, such as he would not be considered incompetent . . . no later than January 22, 2002." Harrison, slip op. at 7. In reaching that conclusion, the district court relied principally on the fact that on that date the director of the facility at which Harrison was being held pending trial in Texas had declared that Harrison was competent to stand trial and transferred him to the Eastern District of Texas, where a federal district judge later formally declared him competent to stand trial. Id. at 6–7. The Fourth Circuit Court of Appeals affirmed "for the reasons stated by the district court." Harrison v. Herbel, 281 F. App'x 236 (4th Cir. 2008).

That judgment precludes Harrison's accrual and tolling arguments in this litigation. "[I]ssue preclusion, also known as collateral estoppel, bars a plaintiff from relitigating an issue that has already been fully and fairly litigated in a prior proceeding." Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 918 (2d Cir. 2010). Issue preclusion applies to bar relitigation when "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." Ball v. A.O. Smith Corp., 451 F.3d 66, 69 (2d Cir. 2006) (internal quotation marks omitted). Relevant here, the "rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure

3

to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits." Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995); see also Restatement (Second) of Judgments § 27 cmt. d (1982).

Application of these settled principles to this action compels dismissal of Harrison's section 1983 claim. Federal law determines the date upon which Harrison's section 1983 claim accrued, Pearl, 296 F.3d at 80, and it provides that his claim accrued when he was "able to comprehend the nature" of his detention, Ormiston v. Nelson, 117 F.3d 69, 72 (2d Cir. 1997) (internal citations omitted). Because the relevant legal rules are functionally identical, the ruling in Harrison's North Carolina action that he had sufficient capacity to manage his own affairs and to make or communicate important decisions by January 22, 2002 requires that this Court conclude that Harrison could comprehend the nature of his detention by that date as well. See DeShazo v. Nations Energy Co., 286 F. App'x 110 (5th Cir. 2008).

New York law determines whether Harrison is entitled to tolling of the statute of limitations, Pearl, 296 F.3d at 80, and it provides that Harrison is entitled to tolling if after the accrual date he was unable to "manage his business affairs and estate and to comprehend and protect his own legal rights and liabilities because of an overall inability to function in society," Yannon v. RCA Corp., 131 A.D.2d 843, 845 (N.Y. App. Div. 1982). Again, because the relevant legal rules are functionally identical, the judgment in the North Carolina action requires the conclusion that Harrison could manage his own affairs as a matter of New York law after January 22, 2002. See Evans v. Pearson Enters., Inc., 434 F.3d 839, 850 (6th Cir. 2006).

To the extent that this is a case in which it is not clear whether state or federal law governs the accrual and tolling questions because "the circumstances governing accrual are similar, if not identical to, circumstances pertinent to a state tolling rule," Pearl, 296 F.3d at 80,

the Court concludes that collateral estoppel still requires dismissal of Harrison's section 1983 claim. Even if, contrary to the normal rule, state law governs the question of accrual or federal law governs the question of tolling, Harrison's ability to comprehend the nature of his detention and to file suit remains the critical issue, and collateral estoppel prevents Harrison from litigating that issue in this action.

Harrison's arguments against the application of collateral estoppel are without merit. Harrison is wrong that because Lutheran "never raised collateral estoppel in the initial pleadings, [it is] now not permitted to raise such a defense." First, it does not matter that the Court, and not Lutheran, has raised the issue. As the Court explained in its last order, "[i]t is well established law in this Circuit that . . . res judicata . . . may be raised sua sponte." Scherer v. The Equitable Life Assurance Soc'y, 347 F.3d 394, 400 (2d Cir. 2003). This is because "principles of preclusion involve more than the rights and interests of the parties. They also serve important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent results." Grieve v. Tamerin, 269 F.3d 149, 154 (2d Cir. 2001).

Second, it does not matter that the Court has raised the issue after Magistrate Judge Bloom issued her report and recommendation, which did not address collateral estoppel. See Harrison, 2010 WL 4038791, at *4 n.5. This action has not progressed to the point that application of collateral estoppel now would not serve the interest in avoiding wasteful litigation. Cf. Davis v. West Cmty. Hosp., 786 F.2d 677, 682 (5th Cir. 1986) (district court did not abuse its discretion in refusing to apply offensive collateral estoppel after a full trial on the merits).

Harrison's argument about the merits of the North Carolina judgment also does not counsel against the application of collateral estoppel in this action. Harrison argues at length that the district court in North Carolina erred when it considered evidence other than the formal

declaration of the Texas district judge about Harrison's competence to stand trial in determining the date on which Harrison was competent for limitations purposes. Although Harrison's argument appears to lack merit, the Court need not decide whether that is so. Collateral estoppel "places termination of litigation ahead of the correct result." Johnson v. Watkins, 101 F.3d 792, 795 (2d Cir. 1996). Even if the prior ruling was in fact wrong (a point the Court does not concede), where as here collateral estoppel is appropriately applied, the "permanent encapsulation of a wrong result is a price worth paying to promote the worthy goals of ending disputes and avoiding repetitive litigation." Id.

In summary, Harrison had a full and fair opportunity to litigate the limitations issue in the North Carolina litigation, and he had that issue decided against him. He cannot now relitigate the matter in this Court.

## CONCLUSION

For the foregoing reasons, Harrison's section 1983 claim against Lutheran is dismissed. The Clerk of Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
February 8, 2011

/S/
Carol Bagley Amon
United States District Judge